[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11298
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

Agency No. A098-950-227

LUZ DEY ZAMBRANO-GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 27, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Luz Dey Zambrano-Gonzalez ("Zambrano") and Mauricio

Rivera-Zambrano, natives and citizens of Colombia, petition for review of the

Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's

("IJ") denial of their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), as well as relief under the United Nations Convention Against Torture ("CAT"), based on an adverse credibility finding and a lack of reasonably available corroborative evidence. On appeal, Zambrano argues that the BIA did not make an explicit adverse credibility finding, and alternatively, that the record does not support such a finding. Zambrano also argues that the BIA did not make a finding regarding past persecution, and therefore her case should be remanded.[1]

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA issued its own opinion upholding the IJ's decision, we review only the BIA's decision. *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009).

We review the BIA's factual determinations under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We must "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*,

_____

[1] As Zambrano does not raise any challenge in her brief to the denial of CAT relief, that claim is abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotation marks omitted). Under this test, we view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

To qualify for asylum, an applicant must show, with specific and credible evidence, either past persecution or a "well-founded fear" of future persecution on a protected ground. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286–87 (11th Cir.2005); 8 C.F.R. § 208.13(b). Credible testimony "may be sufficient to sustain the applicant's burden without corroboration." INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii). Conversely, an adverse credibility determination alone may support a denial of an asylum claim, but if the applicant produces evidence other than her testimony, the IJ and the BIA must consider this evidence as well. *Forgue*, 401 F.3d at 1287.

In evaluating credibility, the IJ and BIA must consider the "totality of the circumstances," including:

> demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral

3

statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). When making an adverse credibility finding, the IJ and BIA must be explicit and offer "specific, cogent reasons" for the finding. *Forgue*, 401 F.3d at 1287.

Here, contrary to Zambrano's contention, the BIA made an explicit adverse credibility finding. That determination was based on several inconsistencies between Zambrano's asylum application, her testimony, and the documentary evidence she submitted. Specifically, the BIA pointed to discrepancies regarding the details of an incident in which her father was shot, and discrepancies regarding her interactions with smugglers in Colombia. In relying upon these inconsistencies, which are supported by the record, the BIA provided "specific, cogent reasons" for its adverse credibility determination. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006). As Zambrano did not submit any other corroborating evidence besides the documents that created inconsistencies

4

with her testimony, the BIA's adverse credibility determination was sufficient to support the denial of Zambrano's asylum claim. *See Forgue*, 401 F.3d at 1287.

Because Zambrano failed to meet the burden on her asylum claim, her claim for withholding of removal necessarily failed. *See Al Najjar*, 257 F.3d at 1303. Having disposed of Zambrano's asylum claim as such, the IJ was not obligated to make specific findings regarding past persecution with respect to Zambrano's claim for withholding of removal. *Amaya-Artunduaga v. U.S. Att'y Gen.,* 463 F.3d 1247, 1249 n.3 (11th Cir. 2006).

Accordingly, we deny Zambrano's petition for review.

**PETITION DENIED.**